11/21/2016 9:59:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 13895401
By: BLESSING, JACOB Blessing
Filed: 11/21/2016 9:59:00 AM

**2016-80337 / Court: 152**

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD CORBITT | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY

Plaintiff, Gerald Corbitt, complains of Defendant, Home Depot U.S.A., Inc., and would respectfully show that:

### Discovery Level

1. Plaintiff intends to conduct discovery under level 3.

### Jurisdiction & Venue

2. This case arises under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial portion of the events giving rise to this claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief not more than $75,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

### Parties

4. Plaintiff Gerald Corbitt is an individual residing in Harris County, Texas.

1

**EXHIBIT "A-2"**

5. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation engaged in business in Harris County, Texas. Defendant Home Depot may be served with process by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## Background

6. On or about December 29, 2015, Plaintiff was performing work on behalf of Defendant. Defendant owned the property on which Plaintiff was working, which is located at 6800 Highway 6 North, Houston, Texas 77084. As a result of the work performed during his shift, Plaintiff was severely injured.

## Negligence

7. Defendant Home Depot, as a non-subscriber under the Texas Workers' Compensation Act to any policy of workers' compensation insurance which provided coverage to Plaintiff, and pursuant to Section 406.033 of the Texas Labor Code, has lost its common law defenses of:

   a. Contributory negligence of Plaintiff;

   b. That the injury was caused by the negligence of a fellow employee; and/or

   c. That the Plaintiff assumed the risk of the injury incident to his employment.

8. On the occasion in question, Defendant was guilty of the following acts of negligence:

   a. Failed to provide an adequately safe work environment for the work that Plaintiff was hired to perform;

   b. Negligently conducted active operations on the premises;

   c. Negligent hiring and/or retention of employees;

   d. Negligent training and/or supervision of their employees, invitees and subcontractors;

  e. and other acts so deemed negligent.

9. Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

## Damages

10. As a direct and proximate result of the above-described actions of Defendant Home Depot, Plaintiff Corbitt will show that he has suffered actual damages within the jurisdictional limits of this Court. By virtue of the actions and conduct of the Defendant set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

  a. Past and future medical expenses;

  b. Past and future pain, suffering and mental anguish;

  c. Past and future physical impairment;

  d. Past and future physical disfigurement;

  e. Past lost wages and future loss of earning capacity.

## Jury Demand

11. Plaintiff hereby demands a trial by jury.

## Request for Disclosures

12. Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant disclose, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## Other Discovery

13. Plaintiff refers Defendant to the attached Request for Admissions, Interrogatories and Request for Production and notifies Defendant that a response is required within 50 days of service of these requests.

## Rule 193.7 Notice

14. Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that, upon final hearing, Plaintiff has judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post judgment interests, all costs of Court, and all such other and future relief, to which he may show himself justly entitled.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Kiernan McAlpine*
John Arthur Daspit
Texas State Bar No. 24048906
Kiernan McAlpine
Texas State Bar No. 24058519
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

11/21/2016 9:59:00 AM
Chris Daniel - District Clerk
Harris County
Envelope No: 13895401
By: BLESSING, JACOB K
Filed: 11/21/2016 9:59:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| GERALD CORBITT | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC. | § § | |
| *Defendant.* | § | \_\_\_\_ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT HOME DEPOT U.S.A., INC.

*TO: Home Depot U.S.A., Inc., by and through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.*

Plaintiff, Gerald Corbitt, requests that Defendant, Home Depot U.S.A., Inc. ("Home Depot") answer the following discovery. This request is made pursuant to the Texas Rules of Civil Procedure. Defendant must produce all documents which are in the possession, custody or control of Defendant. Such documents are to be produced as they are kept in the usual course of business, or Defendant shall organize and label such documents to correspond with the category of the Requests. The documents and things requested are attached hereto.

Please take NOTICE that Plaintiff intends to use all documents produced by Defendant in trial of this cause and therefore request that Defendant assert any objection to the authenticity of any document Defendants produces within ten days of its production.

# TABLE OF DEFINITIONS/ABBREVIATIONS

Plaintiff sets forth the following definitions or abbreviations of various words and phrases which are contained in the following interrogatories and request for production. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., to help the Defendant fully and accurately understand the objectives of the Plaintiff's discovery efforts to locate and furnish the relevant information and documents.

A. "You" or "your" or "yours" refers to this Defendant, and its attorney;

B. "Defendant" shall be deemed to refer to this defendant and any department, division, office, agency or corporate affiliate, including those in the United States of America and in any other country. The term also includes any director, officer, agent, employee, person, firm, or corporation acting on behalf of "Defendant" now or at any time relating to "your" response to attached interrogatories;

C. "Defendant" means this defendant and also all representatives acting or purporting to act on behalf of Defendant with respect to any matter inquired about in these interrogatories, including, but not limited to, all such employees, attorneys, consultants, sureties, indemnifier, insurers, or agents;

D. "Incident" refers to the circumstances described in Plaintiff's Original Petition as causing injuries to Plaintiff, i.e., the incident made the basis of this lawsuit.

E. "Statements" includes any oral, written, or graphic statement; either signed, approved, or spoken, by the person making it and any stenographic, mechanical, electrical, or other recordings, or transcription thereof, which is a substantially verbatim recital or recording of an oral statement by the person making it;

F. "Document" shall mean writings of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative entity, or personnel. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: correspondence; transcriptions of testimony; letters; notes; reports; papers; files; books; records; contracts; agreements; telegrams; teletypes and other communications send or received; diaries; calendars; logs, notes or memoranda of telephonic or face-to-face conversations; drafts; work papers; agendas; bulletins; notices; circulars; announcements; instructions; schedules; minutes; summaries, notes and other records of recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; bills, statements and other records of

obligations and expenditures; canceled checks; vouchers, receipts, and other records of payments; ledgers, journals, balance sheets, profit and loss statements and other sources of financial data; analyses; statements and other affidavits; printed matter (including published books, articles, speeches, and newspaper clippings); press releases; charts; drawings; specifications; manuals, brochures and parts lists; memoranda of all kinds to and from any persons, agencies or entities; technical and engineering reports, evaluations, advices, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results and conclusions; records of administrative, technical and financial actions taken or recommended; and all other writings the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

G. "Relevant time," unless otherwise noted, is from the date of the incident made the basis of this lawsuit up to, through, and including the present date.

H. "Study" or "studies" should include any research, analysis, examination, investigation, testing or other activity by which this information is acquired and/or utilized. The terms "study" or "studies" include activities such as research, testing, predictive analyses, engineering analyses of hazards, cost/benefit analyses, quality assurance analyses or any other activity by which information is acquired or compiled for reference or application.

I. "Identify" when referring:

   (a) to a person, means to state his or his full name and present or last known business and residential addresses and phone numbers;

   (b) to a public or private corporation, partnership, association, or other organization, or to a governmental agency, means to state its full name and present or last known pertinent business address and phone number;

   (c) to a statement, means to state who made it, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who has present or last known possession, custody or control thereof;

   (d) to any other tangible thing, means to give a reasonably detailed description thereof, including, if applicable, when, where and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof;

   (e) to an insurance agreement, means to list the policy holder, all additional insureds, the policy number, the insurance company carrying the policy, its anniversary dates, and the policy limits of the policy.

# PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT HOME DEPOT

**INTERROGATORY NO. 1:** Identify the person who was in charge of the location at issue and the person in charge on the day of the incident made the basis of this lawsuit.

ANSWER:

**INTERROGATORY NO. 2:** Please identify Defendant company as to its correct name and address, whether it is a corporation, partnership or otherwise; the specific address and location of its principal place of business; and the specific state, country, and/or place of incorporation and/or registration of said corporation, partnership or otherwise.

ANSWER:

**INTERROGATORY NO. 3:** Regarding Plaintiff's incident which forms the basis of this action, please provide the name, address, telephone numbers and other means of identification of all persons who witnessed the incident or who have knowledge of relevant facts of such incident or injuries which form the basis of this action; and list by name, most recent address, telephone number, and other means of identification all of the supervisors and co-employees who were on duty at the time of the Plaintiff's incident.

ANSWER:

**INTERROGATORY NO. 4:** State in detail any and all regulations, safety standards, company rules or regulations, or any other writing which could apply to the situation which brought about the Plaintiff's injuries and state the source of such writing.

ANSWER:

**INTERROGATORY NO. 5:** State, in detail, the manner in which you contend the Plaintiff was injured.

ANSWER:

**INTERROGATORY NO. 6:** Please describe the duties and responsibilities of the Plaintiff at the time of his injuries.

ANSWER:

**INTERROGATORY NO. 7:** Please state the name and address of the person who oversaw the work of Plaintiff.

ANSWER:

**INTERROGATORY NO. 8:** Please state, in detail, any acts or omissions on the part of the Plaintiff that were a contributing cause of his injuries.

ANSWER:

**INTERROGATORY NO. 9:** Please describe, in detail, any on-the-job training or supervision that Plaintiff received in the previous twelve (12) months preceding the date of the accident made the basis of this lawsuit.

ANSWER:

**INTERROGATORY NO. 10:** Please provide the manufacturer of any machinery or equipment involved in Plaintiff's injury along with the names and employees of anyone that had performed maintenance or repairs to the same within the last sixty (60) months.

ANSWER:

**INTERROGATORY NO. 11:** Please describe any applicable policy of worker's compensation insurance owned by Defendant at the time of the accident, if any, and state the basis for Plaintiff's lack of coverage under such policy, if any.

ANSWER:

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT HOME DEPOT

**REQUEST FOR PRODUCTION NO. 1:** Any and all written or recorded statements, reports or memoranda from the Plaintiff regarding the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 2:** Copies of any and all documents, photographs, videotapes, movies, slides, etc., that in any way relate to the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Produce true and correct copies of any and all safety rules, regulations, bulletins, or other documents in force and effect and applicable to the Plaintiff, and/or the operations of any supervisory persons and/or co-employees at the time of the incident made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 4:** Produce true and correct copies of any and all employee training or safety manuals, booklets, company rules, regulations, guidelines, and safety standards in effect and applicable to the incident in question.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 5:** Produce a copy of each and every incident report, including message reports, telephone reports, telegraphic reports, wire reports or any other memoranda or materials prepared by Defendant in connection with the incident involved in this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 6:** Produce any documents that record any prior complaints of alleged on the job injuries by employees during the 5-year period of time preceding the date of the subject incident. These should include any mandated OSHA reports.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 7:** Copies of any and all incident reports, incident reports, reports of injury, etc., in your possession regarding the incident made the basis of this suit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 8:** If an in-house investigation was conducted by or on behalf of the defendant in the ordinary course of its business, subsequent to the occurrence in question and before the defendant received formal notice of this lawsuit, relating to the occurrence in question or the subject matter of this lawsuit (including the Plaintiff's claim for damages) provide any and all documentation relating to such investigations including but not limited to all documents, drawings, films, models or other items generated or obtained by or on behalf of the defendant, which are relevant or contain information relevant to:

    1.    the cause of the occurrence in question.
    2.    the injuries allegedly sustained by Plaintiff.
    3.    the defendant's affirmative defenses to the Plaintiffs' causes of action.
    4.    All statements obtained by or on behalf of the defendant; and
    5.    All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of the defendant from the scene of the occurrence in question.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 9:** All guidelines and procedures utilized by you or in your possession, custody or control, for determining whether the location where Plaintiff worked had sufficient numbers of employees in order to do their jobs safely.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 10:** All work schedules and timesheets showing the identity, number (quantity), and job title of employees who worked in the same department as Plaintiff, during the time period of one-year before the date of the subject occurrence through the date of the subject occurrence.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 11:** Please produce any arbitration agreement ever signed by Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 12:** Please produce any employee injury benefit plan and similar plans which covered Plaintiff during his employment with you.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 13:** Please produce any videotapes of Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 14:** Please produce a copy of any medical records on Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 15:** Please produce a copy of any studies performed by you or anyone at your request to assess the risk of injuries to your employees during the time period of one year preceding the date of the subject occurrence through the date of the occurrence.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 16:** Produce a copy of any minutes or other notes taken during any meetings related to the incident made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 17:** Produce a copy of any documentation evidencing ownership of the premises in question.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 18:** Produce any documentation containing the name, address, telephone number, job title and job duties of the individual who was supervising the work done by Plaintiff at the time of the incident made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 19:** Produce a copy of any insurance policies and/or indemnity agreements that are applicable to the accident made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 20:** Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed and/or will utilize to aid testimony.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 21:** Produce copies of any document or other item an expert witness you may call to testify at trial of this case has reviewed or relied upon which relates to or in any way concerns the Plaintiff's damages or injuries suffered by Plaintiff.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 22:** Produce copies of any document that any expert witness you may call to testify at trial of this case has reviewed or relied upon in formulating his/her opinions that relates to or concerns this litigation in any way.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 23:** Produce copies of any and all documents and/or reports, as well as all other tangible things, physical models, compilations of data and other material prepared by any expert whom you may call to testify, including the discoverable factual observations, tests, supporting data, calculations, photographs and opinions of such expert with regard to this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 24:** Produce copies of any and all documents and tangible items furnished to each expert you may call to testify at trial of this case.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 25:** Produce copies of any and all charts, plans, photographs, or other documents intended to be introduced into evidence on the issues of liability or damages.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 26:** Produce a true and correct copy of Plaintiff's personnel file.

RESPONSE:

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANT HOME DEPOT

**REQUEST FOR ADMISSION NO. 1:** Admit that on the date of the subject occurrence, you were not a subscriber to any worker's compensation insurance.

RESPONSE:

**REQUEST FOR ADMISSION NO. 2:** Admit that on the date of the subject occurrence, Plaintiff was employed by you.

RESPONSE:

**REQUEST FOR ADMISSION NO. 3:** Admit that on the date of the subject occurrence, Plaintiff was performing work in the course and scope of any employment with you.

RESPONSE:

**REQUEST FOR ADMISSION NO. 4:** Admit that Plaintiff reported to you that on the date of the subject occurrence, he sustained an injury while on the job.

RESPONSE:

**REQUEST FOR ADMISSION NO. 5:** Please admit that on the date of the subject occurrence, Plaintiff sustained an injury on premises owned by you.

RESPONSE:

**REQUEST FOR ADMISSION NO. 6:** Admit that Plaintiff was an invitee on your premises at the time of the incident made the basis of this lawsuit.

RESPONSE:

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff was injured on premises located at 6800 Highway 6 North, Houston, Texas 77084.

RESPONSE:

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff was not negligent in causing his injuries.

RESPONSE:

**REQUEST FOR ADMISSION NO. 12:** Admit that a supervisor of Plaintiff, or another agent of Defendant, instructed Plaintiff to keep working after Plaintiff informed them of his injuries on the date in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 13:** Admit that venue is proper.

RESPONSE:

**REQUEST FOR ADMISSION NO. 14:** Admit that Plaintiff's injuries were reasonably foreseeable consequences of attempting to continue his work on the date in question.

RESPONSE:

**REQUEST FOR ADMISSION NO. 15:** Admit that your negligence caused this incident to occur.

RESPONSE:

**REQUEST FOR ADMISSION NO. 16:** Admit that your negligence caused Plaintiff's injuries to occur.

RESPONSE:

**REQUEST FOR ADMISSION NO. 17:** Admit that Plaintiff sustained a serious bodily injury.

RESPONSE:

**REQUEST FOR ADMISSION NO. 18:** Admit that if Plaintiff had been properly supervised, this incident would not have occurred.

RESPONSE:

**REQUEST FOR ADMISSION NO. 19:** Admit that Defendant provides some training to employees and/or agents of Defendant.

RESPONSE:

**REQUEST FOR ADMISSION NO. 20:** Admit that Defendant provides some supervision to employees and/or agents of Defendant.

RESPONSE:

**REQUEST FOR ADMISSION NO. 21:** Admit that Defendant imposes standards for safety and/or operational activities upon Defendant.

RESPONSE:

## REQUESTS FOR DISCLOSURE

Plaintiff in the above-styled and numbered cause and, pursuant to Rule 194 of the Texas Rules of Civil Procedure, requests that Defendant answer the following requests for disclosure separately and fully in writing. The answers to the requests shall be preceded by the request to which the answer pertains. The answers shall be returned to Plaintiff's attorney, John Daspit, DASPIT LAW FIRM, 440 Louisiana St. Ste. 1400, Houston, Texas 77002. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2. With your response, please serve copies of all relevant documents and other tangible items. Specifically, please disclose:

(a) The correct names of the parties to the lawsuit;

(b) The name, address, and telephone number of any potential parties;

(c) The legal theories and, in general, the factual basis of your claims or defenses;

(d) The amount and any method of calculating economic damages;

(e) The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) For any testifying expert

    (1) The expert's name, address, and telephone number;

    (2) The subject matter on which the expert will testify;

    (3) The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by you, employed by you, or otherwise subject to your control, documents reflecting such information;

    (4) If the expert is retained by you, employed by you, or otherwise subject to your control:

        (A) All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared

by or for the expert in anticipation of the expert's testimony; and

      (B)    The expert's current resume and bibliography;

(g)    Any discoverable indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any discoverable settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

(l)    The name, address, and telephone number of any person who may be designated as a responsible third party.

Respectfully submitted,

**DASPIT LAW FIRM**

*/s/ Kiernan McAlpine*
John Arthur Daspit
Texas State Bar No. 24048906
Kiernan McAlpine
Texas State Bar No. 24058519
440 Louisiana St., Suite 1400
Houston, Texas 77002
Telephone: (713) 588-0383
Facsimile: (713) 587-9086
Email: e-service@daspitlaw.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby that a true and correct copy of the foregoing instrument has been served on Defendant along with the Plaintiff's Original Petition, pursuant to the Texas Rules of Civil Procedure.

/s/ Kiernan McAlpine
**KIERNAN MCALPINE**